UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOSEPH SWAFFORD, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-202 |
| | ) | |
| CORRECTION CORPORATION OF | ) | *Chief Judge Curtis L. Collier* |
| AMERICA, INC.; HAMILTON COUNTY | ) | |
| TENNESSEE COUNTY GOVERNMENT; | ) | |
| WARDEN JENKINS; ASSISTANT WARDEN | ) | |
| JENKINS; ASSISTANT WARDEN; | ) | |
| BALDWIN; J. JONES UNIT MANAGER; | ) | |
| MS. STEPHENS, CASE MANAGER; | ) | |
| MR. J. TURNER, COUNSELOR; | ) | |
| CORRECTIONAL OFFICER E. DE ANEY; | ) | |
| All are Sued in Their Official and Individual | ) | |
| Capacity, | ) | |
| | ) | |
| *Respondents*. | ) | |

## MEMORANDUM

Joseph Swafford ("Swafford"), a federal prisoner who is temporarily incarcerated at CCA-Silverdale pending a federal resentencing, brings this *pro se* habeas corpus petition under the authority of 28 U.S.C. § 2241. Also before the Court is Swafford's motion to amend the names of the respondents which will be **DENIED as FUTILE** since the case is being dismissed in it entirety (Court File No. 4). Additionally, Swafford's motion to proceed *in forma pauperis* will be **DENIED** because he has paid the $5.00 filing fee (Court File No. 6).

The Clerk is **DIRECTED** to serve a copy of the petition, this Memorandum, and the Judgment Order on CCA-Silverdale. For the reasons stated below, however, the Respondent shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED** (Court File No. 1)**.**

## I. Denial of Access to Law Library

Swafford brings this petition alleging that CCA-Silverdale staff and the specifically named respondents have violated his constitutional right to access to court by denying him access to a law library and basic materials to draft and mail legal documents. Specifically, Swafford contends it took two and one-half weeks to obtain access to the law library and all of the books were outdated. In addition, Swafford complains the library lacked a desk, pencils, paper, typewriter, or any kind of materials to assist him.

Federal prisoners may attack the manner in which their sentence is being executed in the district court with jurisdiction over their custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). However, "habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). The "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id.* at 935-36. Claims challenging the conditions of confinement may be asserted through a § 1983 cause of action. Therefore, Swafford's challenges to the constitutionality of the conditions of his confinement and request for injunctive relief from those conditions are not properly before the Court in this habeas proceeding. *See Twell v. Outlaw*, 2008 WL 4216423 (E.D. Ark. 2008) (*slip copy*) (Denial of access to law library raises a denial of access to courts claim, which is cognizable in a § 1983 action, not a habeas claim under 28 U.S.C. § 2241).

Having liberally construed the instant petition, the Court concludes Swafford is not challenging the Bureau of Prisons execution or calculation of his federal sentence or his temporary detention at CCA-Silverdale. Clearly, Swafford is challenging the conditions of his confinement at CCA-Silverdale. Specifically, Swafford raises a denial of access to courts claim, which is

cognizable in a § 1983 action, not a habeas claim under 28 U.S.C. § 2241. *See, e.g., Williams v. Hopkins*, 130 F.3d 333, 335-36 (8th Cir.1997) (challenges "to the conditions of confinement" must be brought in a civil rights action filed pursuant to a 42 U.S.C. § 1983 action, while challenges "to the fact or duration of a sentence of imprisonment" must be brought in a § 2254 or § 2241 habeas action); *see also Kane v. Garcia Espitia*, 546 U.S. 9 (2005) ( per curiam ) ("[T]he court below . . . erred in holding . . . that a violation of a law library access right is a basis for federal habeas relief."). The issues presently before this Court have nothing to do with the execution or calculation of his federal sentence or a claim of early release from incarceration with the Bureau of Prisons. Therefore, these complaints are not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and this habeas corpus petition will be **DISMISSED** without an evidentiary hearing (Court File No. 1).

**II.     Conclusion**

As stated above, Swafford cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 attacking the conditions of his temporary confinement in CCA-Silverdale.  Swafford has not presented an arguable claim for habeas corpus relief.  As such, this petition filed pursuant to § 2241 shall be **DISMISSED** without an evidentiary hearing.  Swafford's specific conditions of confinement claims are **DISMISSED WITHOUT PREJUDICE** so that Swafford may, if he chooses, pursue those claims in the proper manner.

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**